2FOGG, Judge.
By this suit, Howard Chelpanoff seeks to recover damages for injuries he sustained as a result of his contracting malaria while working on an oil drilling rig in Africa. On motion of defendant, Placid Oil Company (Placid), the trial court granted summary judgment, dismissing plaintiffs action. For the following reasons, we affirm.
In June of 1987, Placid Oil Company Zambia, a Delaware corporation and subsidiary of Placid, contracted with Penrod Drilling Company (Penrod) to conduct drilling operations on behalf of Placid Oil Company Zambia in the Republic of Zambia. Howard Chelpa-noff, an employee of Penrod, went to Zambia in September of 1987 and worked there until February 9, 1988, when he returned to Louisiana. Shortly thereafter, he began to experience symptoms which were ultimately diagnosed as malaria.
Chelpanoff filed this action for damages against several defendants, including Placid. All of the defendants, except Placid, were dismissed from the lawsuit prior to the filing of the instant motion for summary judgment by Placid. The trial court granted summary judgment in favor of Placid upon a finding that Placid owed no duty to the plaintiff to protect him from the harm of malaria. Plaintiff and intervenor, Cigna Property and Casualty Companies[1], appealed.
Appellants contend that, even though Placid initially had no legal duty to protect him from malaria, Placid assumed the duty by sharing its knowledge of the risks and treatment of malaria with Penrod. In making that argument, plaintiff relies on the following undisputed facts.
In the summer of 1987, Placid contacted Dr. F. Kevin Murphy, a specialist in internal medicine and infectious diseases with a sub-specialty in tropical medicine, and requested that he outline |3those health precautions that would be appropriate for personnel who would be working in Zambia. He relayed his recommendations to Tom Stroud, a Placid employee, by letter dated August 5, 1987. Therein he stated that malaria was present in Zambia and gave recommendations for the prevention and treatment of the disease.
Robert M. Adkins, Manager of Employee Relations for Placid, placed Dr. Murphy’s letter in a booklet of materials compiled for the Placid employees who were going to work in Zambia. This booklet was provided to Penrod and its employees through Louis Mullenix, Penrod’s Director of Human Resources. Placid advised Mullenix that Pen-rod’s employees or their employees could contact Dr. Murphy directly if they had any problems.
Prior to leaving for Zambia, Chelpanoff participated, with other members of his drilling crew assigned to the project, in an orientation session given by Richard Hebert, the Penrod employee responsible for the recruitment and orientation of those Penrod employees who had volunteered to go to Zambia. At that time, Hebert gave all members *932 of the crew written information concerning Zambia, which included the packet compiled by Placid. The packet included a list of required immunizations and identification of the various diseases that were prevalent in Zambia, including malaria. Also included was the letter written by Dr. Murphy on August 5, 1987. Crane v. Exxon Corp., U.S.A., 613 So.2d 214 (La.App. 1st Cir.1992).
In order to determine whether liability exists under La.C.C. art. 2315, the Louisiana Supreme Court has adopted the duty-risk analysis. Dixie Drive It Yourself Sys. v. American Beverage Co., 137 So.2d 298 (La.1962). To prevail under this doctrine, Chel-panoff must show Placid owed him a duty, Placid breached that duty, and his damages resulted from the breach.
The existence of a duty is a question of law. Harris v. Pizza Hut of Louisiana, Inc., 455 So.2d 1364 (La.1984). Generally, duty is defined as the obligation to conform to the standard associated with a reasonable man in like circumstances. Whether a legal duty is owed by one party to another depends on the facts and | .¡circumstances of the case and the relationship of the parties. Socorro v. City of New Orleans, 579 So.2d 931 (La.1991).
In the instant case, even though Placid provided information about the risks of malaria to Penrod and a Placid employee attended some of the orientation sessions held by Penrod for its employees, it did not institute or control the mechanisms used by Penrod to alert its employees of the dangers and treatment of malaria. Furthermore, it did not continually concern itself with the health of Penrod employees or attempt to control or improve the mechanisms by which Penrod to addressed the issue of their health. This case is unlike Crane v. Exxon Corp., U.S.A., 613 So.2d 214 (La.App. 1st Cir.1992), which is relied on by appellants. In Crane, an employee of a contractor who was injured on a construction job filed suit against the principal, Exxon Corporation, which had hired the contractor to do the work. The court found that, although the independent contractor defense protected Exxon from liability for the acts of the contractor, Exxon had voluntarily assumed the duty to protect the employees of the contractor when its field coordinator monitored the jobsite for violations of its safety standards by the contractor. Therein Exxon was held liable for its employees’ negligent breach of this assumed duty. In the instant ease, Placid provided no continual, regular monitoring of the health of Penrod’s employees.
Since Placid had no direct control over the system used to advise Penrod employees of the methods of preventing and treating malaria and Placid did not attempt to secure the health of Penrod’s employees by continual monitoring, we find that Placid did not voluntarily assume the duty of advising Penrod’s employees of the risks of contracting malaria while in Zambia or of the treatments of the disease.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs are assessed equally against Howard Chelpanoff and Cigna Property and Casualty Companies.
AFFIRMED.
SHORTESS, J., dissents with reasons.

. Cigna Property and Casualty Companies intervened in this action, seeking reimbursement for worker's compensation benefits it paid to Howard Chelpanoff. It is sometimes referred to in the record as Aetna Insurance Company.